﻿Citation Nr: 18124192
Decision Date: 08/07/18 Archive Date: 08/06/18

DOCKET NO. 15-34 507
DATE: August 7, 2018
REMANDED
Service connection for high blood pressure, to include as due to exposure to herbicides, is remanded.
Service connection for a prostate disability, to include as due to exposure to herbicides, is remanded.
Service connection for diabetes, to include as due to exposure to herbicides, is remanded.
Service connection for a thyroid disability, to include as due to exposure to herbicides, is remanded.
REASONS FOR REMAND
The Veteran served active duty in the United States Air Force from February 1966 to May 1969. The Veteran initially requested a Board hearing, but later withdrew his request in February 2016. 
1. Service connection for high blood pressure, to include as due to exposure to herbicides, is remanded.
2. Service connection for a prostate disability, to include as due to exposure to herbicides, is remanded.
3. Service connection for diabetes, to include as due to exposure to herbicides, is remanded.
4. Service connection for a thyroid disability, to include as due to exposure to herbicides, is remanded.
The Veteran contends that his high blood pressure, prostate disability, diabetes, and thyroid disability are due to his period of service. Specifically, the Veteran asserts that his disabilities due to exposure to herbicides.
The Board notes that the record does not establish, nor does the Veteran contend, that he served in the Republic of Vietnam or the Korea DMZ during the time periods enumerated in the regulations. As such, exposure to herbicides must be established on a facts-found basis. See 38 U.S.C. § 1113; 38 C.F.R. § 3.307(d).
In a March 2014 VA administrative decision, the Joint Services Records Research Center (JSRRC) issued a finding that there was insufficient information to determine if the Veteran was exposed to herbicides during his period of service. The decision references a January 2014 letter sent to the Veteran regarding request for additional information.
In April 2014, the Veteran submitted additional information regarding his claimed exposure to herbicides during his service at Anderson AFB in Guam from December 1967 to May 1968. In his February 2015 Notice of Disagreement, the Veteran affirmed that, as part of his duties in freight traffic management, he handled inbound and outbound freight. 
The March 2014 administrative decision did not include consideration of the Veteran’s additional information regarding his theory of exposure in at Anderson Air Force Base in Guam. Therefore, a remand is necessary.
The matters are REMANDED for the following action:
Undertake appropriate action to conduct additional search(es) for records, to include review by the JSRRC, to determine whether the Veteran was exposed to herbicides during his service. The Veteran’s additional information regarding his service at Andersen AFB in Guam from December 1967 to May 1968 should be considered. Follow the procedures set forth in 38 C.F.R. § 3.159 (c) as regards requesting records in the custody of federal facilities.
All attempts to obtain these records should be documented in the claims file. If the search for these records is negative, such should be documented in the claims file, and the Veteran must be informed of this in writing in accordance with 38 C.F.R. § 3.159(e).

 
JENNIFER HWA
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD C. Ford, Associate Counsel